Case of the day, Eugene Joseph v. Attorney General. And we'll hear from Ms. Chun. Good morning, your honors. May it please the court, my name is Lisa Chun, I am the attorney for Petitioner Eugene Joseph. The issue for the court today is to determine whether the Board of Immigration Appeals committed legal error when it denied Mr. Joseph's motion to reopen based on being a battered spouse. Mr. Joseph filed the motion to reopen at issue after he had applied and was approved, his VAWA, Violence Against Women Act, self-petition had been approved. After he received that approval, he then filed a motion to reopen under the special provision for battered spouses pursuant to INA 240C. That special provision essentially will waive the normal time and number bars of regular motions to reopen, specifically it allows for one year for the immigrant to file a motion to reopen if the immigrant is wanting relief under the Violence Against Women Act. In addition, it also waives the one year deadline if the immigrant can show either extraordinary circumstances or extreme hardship to the immigrant's children. The special provision under the VAWA motion to reopen does not require that any kind of VAWA self-petition be approved. The statutory requirements, merely the minimum that the statute requires is that the immigrant intend to file for VAWA relief. So in a case where VAWA relief has been applied for and approved, we would submit that that is material, relevant, new evidence. Counsel, you've described that I think as having been formally adjudicated a battered spouse. Could you explain the process to us? Is that anything more than simply his own declaration that's involved? I can, Your Honor. Essentially to be adjudicated as a battered spouse, as a VAWA self-petitioner, what an They would file it to the Vermont Service Center that has specially trained adjudicating officers. It's not an adversarial process, is it? No, Your Honor, it's not. Was Mr. Joseph's wife asked to respond? No, Your Honor, and actually there is a provision that specifically would prohibit immigration from obtaining information from an alleged abusive spouse because there are certain concerns Sure, but why does that government action amount to anything more than simply saying Mr. Joseph claims he's been battered? So what has to happen is when you submit the VAWA self-petition, you also submit evidence of being abused, either through battery or extreme cruelty, and you essentially have to meet the requirements of the INA statute, I believe it's INA 204 that's outlined in the brief in chief, where you have to prove certain factors. So one factor you have to prove is that you entered into a good faith marriage, and the other factor you have to prove is that you were subject to battery or extreme cruelty. Look, Mr. Joseph has serious credibility problems, right? Yes, Your Honor. So is this petition based on anything more than his own testimony? He submitted his affidavit, he submitted his brother's affidavit, he submitted, I believe that during the initial application and his supporting evidence, those were the things that he submitted. Then the Vermont Service Center that adjudicates these petitions requested further evidence, and he did supply a third-party affidavit. What's the status of the children? He has four U.S. citizen children. He has two sons who are approximately 13 and 7, and then he has two twin daughters who are two years old. Well, he's basing this, as we refer to, VAWA. That's part of the problem, right? The treatment of the children? Because I'm kind of sort of circuitous, and I'm not really sure. Is she somehow abusing him, or is it the way she's treating the children that is the problem? His approved VAWA petition was based on her abuse of him. He keeps complaining about she doesn't know how to medicate them and keeps him away and that sort of thing. Is that part of it? That would be relevant to the issues on his motion to reopen that would show extreme hardship to his children. So the standards of how you – the standard of when you are adjudicated a battered spouse To get that exception. Right. It has to be a personal – some kind of personally abused. Yes, Your Honor. So that would go to the issue of whether he would merit a motion to reopen under the VAWA exception. That would be a separate issue from whether or not a separate entity, which would be U.S. Citizenship and Immigration Services, approved his I-360 VAWA self-petition. Just to go back to whether or not he was adjudicated as a victim of domestic violence, the regulations and the statutes state there are – you do have to prove to the satisfaction of these adjudicating officers at Citizenship and Immigration Services that you were abused. Was there an interview? No, Your Honor. There's not. Was there – did the application include Mr. Joseph's own criminal record, including theft by deception, bank fraud, and so on? Yes, Your Honor. As another statutory requirement you have to meet in order to get an approved VAWA self-petition is you have to show good moral character within three years of applying. So they do run the background checks. And he does mention his convictions in his affidavit that supported his evidence of abuse. But those were older convictions? Is that the idea? Yes, Your Honor. It was outside the three years where you have to show good moral character. As I understand this, Ms. Chun, our scope of review, our jurisdiction here is pretty narrowly limited. And you've tried to argue that, well, we're not challenging the way the board weighed evidence. We're trying to argue they just ignored a lot of evidence, focusing in particular on the medical and school records concerning the children's health, right? Yes, that's one factor. And I understood that to be your argument. That's the evidence you think the board ignored. There's another. So there are two alternate ways that a motion to reopen the one-year deadline can be waived under the special VAWA provision. One is the extreme hardship, which the medical and school records would go to. Another is extraordinary circumstances. Okay. So let's focus on the extreme hardship. I didn't understand. I thought the argument was, in essence, well, if I'm removed, my wife is going to abuse the children and fail to take care of their medical needs. That was one issue of extreme hardship. The other is just the fact that his children do have these medical conditions. Well, I didn't understand how the medical and school records show that Mrs. Joseph is not going to take care of the kids. Your Honor, if I could switch over to away from the extreme hardship and over to the extreme hardship. Well, would you answer my question about that? Yes. You've argued extreme hardship. I'd like to have an answer, please. I'm sorry. Yes, Your Honor. I'm sorry. The argument is that the medical records and the school records show that they have severe asthma. Yes, I know. How do they show that the wife will not take care of them? That argument was based, I thought, entirely upon Mr. Joseph's and his brother's affidavits. Yes, Your Honor. Which the Board did consider. That particular point of hardship, yes. But as to the fact of hardship based on the mere existence of these medical conditions, it's a larger argument of hardship. Not just that they wouldn't receive proper care, but that they do have these medical conditions. And by the fact that they have these medical conditions, they would suffer extreme hardship that is outside what a healthy child would experience. Thank you very much, Ms. Chun. Thank you, Your Honor. For the Attorney General, Ms. Morgan again. Good morning. Good morning again, Your Honors. Carmel Morgan on behalf of the Respondent, the U.S. Attorney General. As I understand the petitioner's argument, she's alleging legal error with regard to the Board's consideration of extraordinary circumstances and extreme hardship. However, the waiver of the one-year filing deadline is ultimately a discretionary determination. By statute. Yes, by statute. If you carefully read the Board's decision, they also mention that they would deny reopening based on the adverse factors in this case. The petitioner doesn't challenge the Board's decision that they would also deny reopening based on those adverse factors. The Board's decision to deny reopening based on adverse factors is a purely discretionary determination. And that purely discretionary determination is not reviewable by the court. So the government urges the court to dismiss for lack of jurisdiction. Ms. Morgan, is there any update on the policy review on enforcement priorities here? Sure. I ask in every case. I asked the DHS in this case. They do consider it an enforcement priority and, in fact, attempted to remove Mr. Joseph yesterday. That attempt was unsuccessful. If you're curious about why, I can give you a little update. Maybe not outside the record. Sure. He's in CUSP detention at this point? I believe so. They probably are going to have to release him, however, because he's been in detention for a period probably longer than they're able to refuses to provide at this point, I believe. Okay. Could you address this process for approving the so-called I-360 status? I'm just not sure how much significance that action deserves and would like to know more about it. Sure. I asked the USCIS for more information about how the process works. It's pretty much as Petitioner's Counsel explained. You are asking questions. There's no face-to-face interview, and, in fact, there's no requirement for any particular sort of evidence for a VAWA petition. Obviously you need to show that you were battered or subject to extreme cruelty, but you could do that simply through an affidavit written by the petitioner, and it appears that that's what happened in this case. I think it's a little bit more than a checklist process, but it would be very, very difficult in a case like this, if the sole evidence really is just an affidavit from the petitioner, to decide whether that person was credible or not. I don't know, and was a little surprised about the results in this case, whether the reviewer had before them, should have had before them, the immigration judge and board decisions that indicate he does have a problem with honesty before the immigration court. The significance of the adjudication, I guess you were asking about as well. The fact that they adjudicated him as a battered spouse was by a preponderance of the evidence. However, you cannot adjust status without that face-to-face interview, or in this case, without going before the board, who has evidence before them of face-to-face interactions with the immigration judge. And more complete access to the whole record here. Correct. And this quote, adjudication, doesn't actually change his status, adjust his status at all, does it? Correct, it does not. Okay. I guess I could add that even if you were to decide that you have jurisdiction over the legal issue and it would make a difference in this case, I think as you were getting at, the records that were not mentioned in the board's decision really don't have to do with the extreme hardship allegation. The records are school and medical records that indicate the child, children, have asthma. That's never been in dispute, is not in dispute. The issue is whether or not the children would be abused by their mother in his absence because she would refuse to give them medical care. And in that instance, the only evidence really is the affidavit of the brother, who simply speculates that he thinks that the wife might not provide them appropriate care. The board mentions that evidence, discusses why they have a problem with it, and concludes that he didn't establish extreme hardship to the children. I think arguably having an approved VAWA petition could by itself be an extraordinary circumstance. It's just not in this case. And again, it doesn't make any difference if ultimately the decision is that you would deny reopening anyway based on the adverse factors which include the petitioner's attempts to mislead the court in the past. Your position, if I understand it correctly, is that whether it's an exceptional circumstance or an extraordinary circumstance in a particular case is the board's call, not ours. We don't have jurisdiction over that. Yes. We would advocate that. However, again, I think there's an extra layer of discretionary factors. Correct, Your Honor. Thank you. So in closing, we would ask that you dismiss the petition for review for lack of jurisdiction, but if you found jurisdiction with regard to the legal issue argument, that you would deny on that basis. Okay. Thank you. Thank you, Ms. Morgan. Ms. Chun, your time ran out, but if you want one minute for rebuttal, go ahead. The clock doesn't start until you actually get up here. You don't have to run. Okay. Thank you, Your Honor. Just quickly, in terms of whether it's the jurisdictional issue, Your Honor, this court has held that when the BIA does not consider relevant material evidence, it hasn't really exercised any discretion because it hasn't given. What about the adverse factors problem? So the adverse factors problem, Your Honor, the BIA before, initially, when Mr. Joseph was applying just for a regular adjustment through his wife, not as a VAWA self-petitioner, they did find that he didn't warrant favorable exercise of discretion. I would argue that, Your Honor, the weighing of adverse factors in that circumstance, where there's a 212H criminal inadmissibility issue, is different than weighing favorable and adverse factors in the context of a special VAWA motion to reopen. There was congressional intent that this be a statute that provides more expansive relief to immigrants for VAWA. So I would argue that there is a case that the immigration judge himself cited to a matter of Mendez-Morales that said that the weighing of adverse factors is not a one-size-fits-all. It depends on the statute and the waiver. And if I could quote directly, it says that relief in its own distinct form of waiver with the balancing factors to be undertaken in view of the particular purposes either stated or inherent in the statute. So waiving criminal inadmissibility factors is very different than waiving your eligibility for VAWA relief. Thank you, Counsel. Thank you, Your Honor. The case will be taken under advisement. Thanks to both counsel.